

JESSICA M. CARROLL
COUNSEL
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068
P: 973-577-1910
F: 973-577-1911
JCARROLL@GREENBAUMLAW.COM

October 23, 2023

**Via ECF**
The Honorable Mary Kay Vyskocil, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2023

Re: *Granite State Insurance Company v. Rainier Arms LLC*
Case No. 1:23-cv-07644-MKV

Dear Judge Vyskocil:

This firm represents Defendant, Rainer Arms, LLC ("Rainier"). In accordance with the Local Civil Rules, please accept this letter-motion, in lieu of a more formal application[1], seeking to vacate the certificate of default entered against Rainier. Plaintiff, Granite State Insurance Company ("Plaintiff") would not consent to vacate default but indicated that Plaintiff does not oppose this application.[2] As set forth more fully below, Rainier respectfully requests that the Court vacate default pursuant to FRCP 55(c) and allow it to respond to the Complaint.

By way of background, this declaratory judgment action arises out of the following three lawsuits currently pending in federal court: (1) New York v. Arm or Ally, LLC, et al., No. 1:22-cv-06124-JMF (S.D.N.Y.) ("New York Action"); (2) City of Buffalo v. Smith & Wesson Brands, Inc., et al., No. 1:23-cv-00066-FPG (W.D.N.Y.) ("Buffalo Action"); and (3) City of Rochester v. Smith & Wesson Brands, Inc., et al., No. 6:23-cv-06061-FPG (W.D.N.Y.) ("Rochester Action") (collectively, "Ghost Gun Lawsuits"). (ECF #1). Each lawsuit asserts numerous claims against Rainier, and many other defendants, related to whether any defendants improperly sold and/or shipped "ghost guns" into New York and allegedly contributed to gun violence/fatalities that created a public health crisis causing compensable injuries. Currently, discovery has been stayed in all three lawsuits pending resolution of Motions to Dismiss filed by all the defendants in the New York Action, and pending the Second Circuit's decision in National Shooting Sports Foundation, Inc. v. James, Case No. 1:23-cv-00066-FPG, in the Buffalo and Rochester Actions.

On August 29, 2023, Plaintiff filed the Complaint seeking a declaration that the commercial

---

[1] To the extent that the Court requires Rainier to file a formal motion, we request that this letter serve as a request for leave to file a formal motion to vacate default.

[2] On October 11, 2023, the Court entered an Endorsement directing Plaintiff to move for Default Judgement by October 24, 2023. (ECF #19). In light of Rainer's pending application, and given that Plaintiff has indicated that it will not oppose this application, Rainier respectfully request that the Court adjourn that date until after it has heard the within application because if granted, it would render the motion for default judgment moot.

general liability insurance policies issued to Rainier between 2008 to 2022 do not provide a defense and/or indemnity for the respective claims asserted in the Ghost Gun Lawsuits. (ECF #1). The Clerk issued a Summons on August 30, 2023. (ECF #6). On September 7, 2023, Plaintiff filed an Affidavit of Service evidencing that Rainier was served on August 31, 2023. (ECF #10). On October 4, 2023, Plaintiff filed a certificate of default that was subsequently entered by the Clerk on the same date. (ECF #15-17).

This firm was retained to represent Rainier after the Clerk entered the certificate of default. Before the undersigned could make any appearance, the Court directed Plaintiff to move for default judgment on or before October 24, 2023. The undersigned contacted counsel to discuss whether Plaintiff would consent to vacating the certificate of default. The request was denied, although counsel advised that Plaintiff would not oppose the application. Accordingly, Rainier has filed the within letter-motion seeking to vacate default entered on October 4, 2023.

A district court may set aside the entry of default if a defendant shows "good cause." FRCP 55(c). Because Rule 55(c) does not define "good cause," the Second Circuit established three criteria to assess whether "to relieve a party from an entry of default:" (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993); Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015). On a motion to vacate the entry of default, "all doubts must be resolved in favor of the party seeking relief" because it is well established that "default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005); Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001); see also American Airlines Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996) (standard for setting aside entry of default is "lenient" and less rigorous than that setting aside default judgment). Here, good cause exists to vacate default for three reasons.

First, Rainier's failure to timely respond was not willful or in bad faith. For a default to be willful, a defendant's conduct must be more than merely negligent or careless. Enron Oil, 10 F.3d at 96. Defendant's conduct must be egregious and not satisfactorily explained. Id.; see Brien v. Kullman Indus., 71 F.3d 1073, 1078 (2d Cir. 1995) (default set aside in declaratory action because default was not willful). Here, there is no evidence that Rainier's failure to respond was willful or anything less than negligent or careless. Rainier did not deliberately fail to respond. It mistakenly believed that the instant action did not require a response given that the Ghost Gun Lawsuits had been stayed. Upon learning that an appearance was required after the certificate of default had been entered, Rainier promptly directed counsel to protect its interests.

Second, there is no prejudice to Plaintiff because "[d]elay alone does not establish prejudice." Enron Oil, 10 F.3d at 98. To demonstrate prejudice, a plaintiff must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Here, no evidence will be lost, it will not result in difficulties during discovery, and it will not provide Rainier with an opportunity for fraud and/or collusion. Indeed, Plaintiff indication that it will not oppose this application is sufficient to say that no prejudice will result. This is a declaratory judgment action for which discovery is based on the policy information and contingent on the facts

uncovered from the Ghost Guns Lawsuits — none of which have begun to exchange discovery.

Third, Rainier possesses a meritorious defense because an insurer's duty to defend is exceedingly broad and extends well beyond the limits of an insurer's duty to indemnify. See, e.g., Auto. Ins. Co. of Hartford v Cook, 7 N.Y.3d 131, 137 (N.Y. 2006); Dempster Bros., Inc. v. U.S. Fidelity Guaranty Co., 388 S.W.2d 153, 156 (Tenn. App. 1964) (duty to defend covering any situation where allegations of complaint suggest possibility of coverage). A "defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir.2001); Enron Oil Corp., 10 F.3d at 98; Bricklayers & Allied Craftworkers Loc. 2, 779 F.3d at 186. The test is not a measure of "whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98 (citing Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372 (DC Cir. 1980).

Concisely stated, Rainier's meritorious defense is embedded in an insurer's duty to defend its insured if any of the allegations potentially trigger coverage under the policy. St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994); Century 21, Inc. v. Diamond State Ins. Co., 442 F.3d 79, 82 (2d Cir. 2006). Any doubt as to whether the claims fall within coverage under the policy is resolved in favor of the insured. Cont'l Cas. Co. v. Rapid-American Corp., 593 N.Y.S.2d 966, 969 (1993); Dempster Brothers, Inc., 388 S.W.2d at 156. Here, Plaintiff's allegations that there is no coverage because the Ghost Gun Lawsuits purportedly do not allege an "occurrence" (or accidental conduct); "damages because of 'bodily injury'" or that the "damages because of 'bodily injury'" fall within a policy period; and that injunctive relief is not a form of "damages" are a self-serving construction and application of the Ghost Gun Lawsuit Complaints (ECF# 1, Compl. ¶¶ 4-9). While the complaints may allege intentional conduct, Plaintiff ignores that affirmatively shipping these products may have been accidental or negligent if Rainier did not believe its actions violated the law or created a basis for liability. Moreover, the Ghost Gun Lawsuit Complaints seek compensatory damages deriving from "gun violence" and public health crisis — which arguably connotes bodily injury. Additionally, the allegations are overly broad and vague enough that the four corners of the complaints do not definitively state that the alleged occurrences did not occur within any of Plaintiff's policy periods. As such, Rainier, at a minimum, clearly possesses a meritorious defense sufficient to argue the Ghost Gun Lawsuits have triggered and insurer's exceedingly broad duty to defend.

Accordingly, Rainier's motion to vacate entry of default should be granted for the foregoing reasons. We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,
GREENBAUM, ROWE, SMITH & DAVIS, LLP

*/s/ Jessica M. Carroll*
Jessica M. Carroll, Esq.

cc:   All Counsel of Record (via ECF)

**So Ordered:**   **Date: 10/25/2023**

*/s/ Mary Kay Vyskocil*
Hon. Mary Kay Vyskocil, U.S.D.J.
United States District Court

**As Defendant has now appeared and Plaintiff does not oppose, the letter motion is GRANTED. Defendant must respond to the complaint on or before November 3, 2023. The pending motion for default judgment is DENIED without prejudice as moot. The Clerk of Court is respectfully requested to terminate ECF Nos. 21, 22.**

Iselin | Roseland | Red Bank | New York
greenbaumlaw.com