**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

GRANITE STATE INSURANCE
COMPANY,

                 **PLAINTIFF,**

    v.

RAINIER ARMS, LLC,

                 **DEFENDANT.**

Civil Action No. 1:23-cv-7644-MKV

**ANSWER TO AMENDED**
**COMPLAINT, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS**

Defendant, Rainier Arms, LLC ("Rainier"), by way of Answer to the Amended

Complaint for Declaratory Judgment ("Complaint") of Plaintiff, Granite State Insurance

Company ("Granite State"), says:

**STATEMENT OF THE CASE**

1.    Admitted that Rainer is based in Washington State. The remaining

allegations are denied.

2.    Admitted that Rainier, among others, is a defendant in a series of lawsuits

and states that the complaints are legal documents that speak for themselves. Rainier

denies the remaining allegations and refers to the respective complaints for the accuracy,

completeness, and effect of the allegations asserted therein.

3.    Admitted that Granite State issued multiple commercial general liability

policies for which the terms and conditions speak for themselves. Rainier lacks

knowledge or information sufficient to form a belief about the truth of the remaining

allegations and, therefore, denies same.

4.    The allegations state legal conclusions and thus no answer is required. To

the extent a response is required, Rainier admits that it has demanded that Granite State

provide it with a defense and indemnity in the underlying lawsuits and refers to the legal document for its terms, conditions, and effect that speaks for itself.  Except as expressly admitted, the remainder of the allegations are denied.

5.      The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as a legal document for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

6.      The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as a legal document for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

7.      The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as a legal document for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

8.      The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as a legal document for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

9.      The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as a legal document for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

**PARTIES**

10.     Rainer lacks knowledge or information sufficient to form a belief about the truth of the allegations.

11.     Rainier admits it is a limited liability company formed under the laws of the State of Washington, and that only member is a citizen of Washington.  Rainier also admits that it, among others, is a defendant in a series of lawsuits for which the respective complaints are legal documents that speak for themselves and therefore, Rainier refers to each respective complaints for the accuracy, completeness, and effect of the allegations asserted therein.  Except as expressly admitted herein, Rainier denies the remaining allegations.

**JURISDICTION AND VENUE**

12.     Rainer admits that it and its only member are citizens of the State of Washington.   Except as expressly admitted herein, Rainier lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

13.     The allegations state legal conclusions and thus no answer is required. To the extent an answer is required, the allegations are denied.

14.     Rainer lacks knowledge or information sufficient to form a belief about the truth of the allegations.

15.     Rainier admits it seeks coverage from Granite State regarding the Lawsuits under any and all Policies issued by Granite State implicated by the Lawsuits. Rainer further admits that Granite State's duty to defend is an actual, ripe, and justiciable controversy. The remaining allegations state legal conclusions and no answer is required. To the extent an answer is required, the remaining allegations are denied.

## FACTUAL ALLEGATIONS

### I.      The New York Action

16.     Rainier admits that the State of New York filed a Complaint in the Supreme Court of the State of New York on June 29, 2022. Rainier further admits the case was subsequently removed to the United States District Court for the Southern District of New York, where it is captioned *New York v. Arm or Ally, LLC, et al.*, No. 1:22-cv-06124-JMF (S.D.N.Y.) (the "New York Action"). Rainier admits the State of New York filed a Second Amended Complaint in the New York Action. Rainier denies the remaining allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

17.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

18.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

19.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

20.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

21.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

22.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

23.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

24.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

25.     Rainier denies the allegations and refers to the respective complaint as a legal document for the accuracy, completeness, and effect of the allegations asserted therein that speaks for itself.

## II.     The Buffalo and Rochester Actions

26.     Rainer admits the City of Buffalo filed a lawsuit on December 20, 2022. Rainier further admits the City of Rochester filed a lawsuit. Rainier denies the remaining allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

27.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

28.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

29.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

30.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

31.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

32.     Rainier denies the allegations and refers to the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

33.     Admitted.

**III.    The Policies and Rainier's Claims for Coverage**

34.     Admitted that Granite State issued commercial general liability policies for which the terms, conditions, definitions, and exclusions speak for themselves. Except as expressly admitted herein, Rainier denies the allegations along with the footnote.

35.     Rainier admits that it has demanded that Granite State provide it with a defense and indemnity in the underlying lawsuits.  Rainier refers to the tender letter as a legal document for its terms, definitions, conditions, and effect that speaks for itself.

36.     Admitted.

**IV.     Rainer is Not Entitled to Coverage Under the Policies[1]**

37.     The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

38.     The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves.

39.     The allegations state legal conclusions and thus no answer is required. To the extent a response is required, Rainier denies the allegations and refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves along with the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

<u>**COUNT I**</u>
**(Declaration That Granite State Is Not Obligated to Defend Rainier)**

40.     Rainier repeats and reiterates its responses to the allegations contained in paragraphs 1 to 39 of the Complaint as if fully set forth at length herein.

41.     Admitted.

42.     The allegations state legal conclusions and thus no answer is required. To the extent a response is required, they are denied and Rainier refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak

---

[1] To the extent that this headings requires as response, it is denied.

for themselves along with the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

43.    The allegations state legal conclusions and thus no answer is required. To the extent a response is required, they are denied and Rainier refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves along with the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

<u>**COUNT II**</u>
**(Declaration That Granite State Is Not Obligated to Indemnify Rainier)**

44.    Rainier repeats and reiterates its responses to the allegations contained in paragraphs 1 to 43 of the Complaint as if fully set forth at length herein.

45.    Admitted.

46.    The allegations state legal conclusions and thus no answer is required. To the extent a response is required, they are denied and Rainier refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves along with the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

47.    The allegations state legal conclusions and thus no answer is required. To the extent a response is required, they are denied and Rainier refers to the Policies as legal documents for their terms, definitions, conditions, exclusions, and effect that speak for themselves along with the respective complaints as legal documents for the accuracy, completeness, and effect of the allegations asserted therein that speak for themselves.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in full or in part by the doctrines of estoppel, waiver, laches and/or unclean hands.

### Second Affirmative Defense

Plaintiff's claims are barred because the insurance policies issued by Plaintiff properly require Plaintiff to respond with insurance coverage for the underlying actions.

### Third Affirmative Defense

Plaintiff's claims are barred in full or in part because the underlying actions allege bodily injury caused by an occurrence during the policy period of Plaintiff's insurance policies.

### Fourth Affirmative Defense

The claims asserted in the underlying actions are within the insuring agreements in the Plaintiff's insurance policies, and not barred by any policy exclusions.

### Fifth Affirmative Defense

Plaintiff's claims are barred in full or in part because the alleged damaged work and the work out of which the damage arises in the underlying actions was performed by subcontractors.

### Sixth Affirmative Defense

Plaintiff's claims are barred in full or in part because Plaintiff has fulfilled all of the duties and obligations, under the insurance policies.

### Seventh Affirmative Defense

Plaintiff's claims are barred in full or in part because in seeking to disclaim insurance coverage, Plaintiff's have misinterpreted facts, ignored facts and/or relied upon

facts with regard to the underlying actions that are disputed and not supported by the actual facts that will be demonstrated in the underlying litigation.

### Eighth Affirmative Defense

Plaintiff's Complaint in whole or in part fails to state a claim upon which relief can be granted.

**WHEREFORE**, Rainer demands judgment dismissing the Complaint filed by Granite State, denying the relief sought by Granite State in the Complaint and awarding insurance coverage for the underlying actions, together with attorneys fees and costs of suit, together with such other relief that the Court deems equitable and just.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1600
*Attorneys for Defendant, Rainier Arms, LLC*

By: _____

Dated:  January 23, 2024

Jessica Carroll, Esq.

**COUNTER-PLAINTIFF RAINIER ARMS, LLC's COUNTERCLAIMS FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND BAD FAITH**

**COMES NOW** Defendant/Counter-Plaintiff Rainier Arms, LLC ("Rainier"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 2201, and for its Counterclaims against Plaintiff/Counter-Defendant Granite State Insurance Company ("Granite State"), hereby states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Rainier is a limited liability company organized and existing under the laws of Washington State.

2.      Upon information and belief, Granite State is an Illinois corporation with a principal place of business in New York, New York.

3.      Granite State is subject to personal jurisdiction in this District, and subject to the Court's specific and general jurisdiction, pursuant to due process, on the grounds that it consents to the Court's jurisdiction, is a citizen of the State of New York, regularly conducts or solicits business in the State of New York, and/or engages in other persistent conduct in the State of New York.

4.      The United States District Court of the Southern District of New York maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 exclusive of interests and costs, and the action is between citizens of different states.

5.      The United States District Court for the Southern District of New York maintains jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 2201(a) because this action seeks the judicial declaration of rights, statuses, and legal relationship

of and among the parties with regard to contracts of insurance and because an action case or controversy of a justiciable nature exists among the parties.

6.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

7.     This is an insurance coverage action for declaratory judgment, breach of contract, and bad faith. Rainier brings this counterclaim against Granite State because it has wrongfully and in bad faith breached its duty to defend Rainier in the cases captioned *New York v. Arm or Ally, LLC, et al.*, Case No. 1:22-cv-06124-JMF (S.D.N.Y.) currently pending in the Southern District of New York (the "New York Action"), *Buffalo v. Smith & Wesson Brands, Inc., et al.*, Case No. 1:23-cv-00066-FPG (W.D.N.Y.)) currently pending in the Western District of New York (the "Buffalo Action"), and *Rochester v. Smith & Wesson Brands, Inc., et al.*, Case No. 6:23-cv-06061-FPG (W.D.N.Y.)) currently pending in the Western District of New York (the "Rochester Action") (the New York Action, the Buffalo Action, and the Rochester Action are collectively referred to herein as the "Underlying Lawsuits").

8.     Granite State issued numerous Commercial General Liability policies to Rainier, including, but not limited to, Policy No. 02-LX-015849797-8, effective October 3, 2016, to October 3, 2017, Policy No. 02-LX-015849797-9, effective October 3, 2017, to October 3, 2018, Policy No. 02-LX-080837729-0, effective October 3, 2018, to October 3, 2019  (the "Policies").

9.     Rainier tendered the Underlying Lawsuits to Granite State for defense and indemnity under the Policies (the "Claim").

10.     Granite State denied coverage for the Claims via multiple letters (Granite State's "Denial Letters").

11.     Granite State's denial is wrongful, made in bad faith, and constitutes a breach of contract.

## COUNT I
## BREACH OF CONTRACT

12.     Rainier realleges and incorporates by reference all previous allegations as though fully set forth herein.

13.     Granite State is obligated to pay for Rainier's defense in the Underlying Lawsuits under the terms of the Policies.

14.     Granite State has refused to accept its legal obligations to pay for defenses of the Underlying Lawsuits.

15.     In doing so, Granite State has materially breached its duties and obligations under the Policies.

16.     As a direct and proximate result of Granite State's misconduct, Granite State has deprived Rainier of the benefit of insurance coverage for which substantial premiums were paid and has thus damaged Rainier.

## COUNT II
## DECLARATORY JUDGMENT

17.     Rainier realleges and incorporates by reference all previous allegations as though fully set forth herein.

18.     A controversy has arisen between Rainier and Granite State as to their respective rights and duties under the Policies.

19.     Specifically, Granite State must pay for Rainier defense of the Underlying Lawsuits.

20.     Rainier seeks a judicial determination that Granite State has a duty to defend Rainier under the terms and provisions of the Policies and applicable law.

## COUNT III
## BAD FAITH

21.     Rainier realleges and incorporates by reference all previous allegations as though set forth fully herein.

22.     Granite State has refused to defend Rainier without reasonable cause or excuse and have instead acted to protect their own financial interests in disregard of the interests of their insured.

23.     Granite State owes Rainier a duty of good faith and fair dealing and has breached this duty, including but not limited to engaging in the following acts:   (a) Unreasonably failing or refusing to accept coverage for the Claim;  (b) Denying coverage for the Claim without a reasonable basis, refusing to accord any reasonable interpretation to the provisions in the Policies, and refusing to accord any reasonable application of such provisions to the Underlying Lawsuits; (c) Failing or refusing to pay the Claim without conducting a reasonable investigation; (d) Failing to consider all relevant information in their possession to establish coverage for the Claim; (e) Failing to provide an adequate ground for denial of coverage for the Claim; (f) Failing to acknowledge and act reasonably promptly with respect to the Claim; (g) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (h) Failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (i) Failing to provide promptly a reasonable explanation of the basis in the Policies in relation to the facts or applicable law for denial of the Claim; and (j) Engaging in other improper or unfair claims settlement practices prohibited by state law.

**REQUEST FOR RELIEF**

WHEREFORE, Counter-Plaintiff Rainier demands judgment in its favor and against Counter-Defendant Granite State Insurance Company as follows: (a) A declaratory judgment that Granite State has an obligation to defend Rainier in connection with the Underlying Lawsuits and has breached that duty; (b) Actual damages in an amount that is fair and reasonable; (c) Pre-judgment and post-judgment interest based upon and added to the damages as allowed by law; (d) Attorneys' fees and costs associated with this action; (e) Consequential, special, incidental, and punitive damages; and (f) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Counter-Plaintiff requests a jury trial on all issues so triable by jury.

**GREENBAUM, ROWE, SMITH & DAVIS LLP**
75 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-1600
*Attorneys for Defendant, Rainier Arms, LLC*

By: _____
                 Jessica Carroll, Esq.

Dated:  November 14, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically with the United States District Court for the Southern District of New York on the 23rd of January, 2024, with notice of the case activity generated and sent to counsel of record.

By: _____

    Jessica Carroll, Esq.
    *Attorneys for Defendant,*
    *Rainier Arms, LLC*